50   655
90   459

[No. 4290.]

## J. S. BARRETT v. J. J. BIRGE, T. E. LINDENBERGER, AND WM. SHATTUCK, ADMINISTRATOR OF THE ESTATE OF CHARLES NEAL, DECEASED.

ABATEMENT OF ACTION OF EJECTMENT.—In this State, the action of ejectment does not abate by the death of the defendant pending the action, but survives, and the representative of the deceased may be substituted in his stead.

EFFECT OF COVENANT IN DEED.—If a conveyance of the right, title and interest of the grantor contains a covenant of warranty of title, and the grantor, at the date of the conveyance, has no title, but afterwards acquires it, the covenant does not enlarge the estate conveyed so that the title afterwards acquired by the grantor vests in the grantee.

SUBSTITUTION OF A PLAINTIFF IN EJECTMENT.—If, in an action of ejectment, a new plaintiff is substituted in place of the original plaintiff, the issues are not changed, but the title to be tried is the title of the original plaintiff, and the new plaintiff cannot deraign an independent title, but must rely on the title which the first plaintiff had at the commencement of the action.

ESTOPPEL BY JUDGMENT.—If, during the pendency of an action of ejectment, a new plaintiff is substituted for the original one, and judgment is rendered for the defendant, the substituted plaintiff is not estopped by the judgment from afterwards maintaining an action on a title not derived from the original plaintiff in the first action, and which was not litigated in that action.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Ejectment to recover a part of lot one in the block bounded by K and L and Fourth and Fifth streets, in the city of Sacramento. Charles Neal was one of the defendants when the suit was commenced, and was the tenant of defendant Birge. Neal was in possession of the demanded premises when the suit was commenced, but died soon after. Neal's

widow resided on the premises a short time after his death and left them.    Defendant Shattuck became the administrator of his estate, but did not take possession of the premises.    The plaintiff moved that Shattuck be substituted as defendant in place of Neal.    Shattuck objected because he had not taken possession, and because the cause of action against Neal abated by his death.    The court granted the motion.    Shattuck, as one defense, pleaded as an estoppel a former judgment in favor of Neal and the other defendants, rendered in an action commenced by Van Dorn against the defendants to recover the same property, and in which action the plaintiff Barrett had been substituted as plaintiff in place of Van Dorn.    Such former action was ejectment, and was commenced April 11, 1868, and judgment was rendered therein on the 18th day of June, 1869.    Barrett was substituted as plaintiff in place of Van Dorn before the trial. On the trial of this action the plaintiff deraigned title from John A. Sutter, the grantee of the Mexican nation, through John A. Sutter, Jr., and Samuel Brannan, *his* grantee. The deraignment showed that J. A. Sutter conveyed to J. A. Sutter, Jr., on the 14th of October, 1848; that J. A. Sutter, Jr., conveyed back to his father June 25, 1849, and the father reconveyed to the son on the 7th day of May, 1850, and that Sutter, Jr., on the 20th of June, 1850, conveyed to Brannan, Bruce and others.    In the former suit, commenced by Van Dorn, Barrett, the substituted plaintiff, deraigned title from the elder Sutter through a power of attorney from Sutter, Jr., to Peter H. Burnett, and a conveyance from Sutter, Jr., by his said attorney in fact, to A. J. Ellis, dated September 4, 1849.    This deed conveyed to Ellis " all the right, title and interest" of Sutter, Jr., the grantor, and contained the following covenant: "That the title to the foregoing premises he will forever warrant and defend against the claim or claims of all and every person or persons whatsoever."    Sutter, Jr., had conveyed to his father on the 25th of June, 1849, and had no title when this deed was made, but acquired the title from his father on the 7th day of May, 1850.    The defendant's attorney contended that, by force of the covenant, the title of Sutter, Jr., ac-

quired in May, 1850, inured to and became vested in Ellis and his grantees. Van Dorn claimed through Ellis, and had conveyed to Barrett. This was the title which, in the Van Dorn suit, the court rejected when the defendants recovered judgment. Barrett had acquired the title of Van Dorn just before he was substituted as plaintiff. In this suit Barrett relied on a title deraigned from Sutter, but which did not come through Burnett, the attorney in fact, or through Ellis. In the Van Dorn suit, Barrett had offered in evidence the same chain of title on which he relied here, but the court rejected it and confined him to the title which Van Dorn had. The plaintiff recovered judgment, and the defendant Shattuck appealed.

*McKune & Welty,* for the Appellant.

At common law a cause of action in ejectment did not survive the death of the defendant. The action abated. (*Green* v. *Watkins,* 6 Wheat. 260; *Macker* v. *Thomas,* 7 Wheat. 530; *Lovell* v. *Arnold,* 2 Leigh, 16; *Miller* v. *Baldwin,* 4 Mass. 480; *Bernot* v. *Harrington,* 3 Mass. 228; *Alley* v. *Hubbard,* 19 Pick. 243; *Broadstreet* v. *Clark,* 18 Wend. 620; *Binkle* v. *Luce,* 1 Comst. 162; *Putnam* v. *Van Buren,* 7 How. Pr. 31; *Kissim* v. *Hamilton,* 20 How. Pr. 369.)

The title conveyed to John A. Sutter, Jr., by force and legal effect of his previous deed to Ellis, inured to and immediately became vested in Ellis. (Sec. 33, Act April 16, 1850, p. 252; *Lomis* v. *Skinner,* 3 Pick. 52; *Zants* v. *Courville,* 16 La. Ann. 96; *Jarvis* v. *Aiken,* 25 Vt. 635; *White* v. *Patton,* 24 Pick. 324.)

The plaintiff is estopped by the previous judgment. It is no answer to this to say the title offered in evidence in this case was ruled out in that. If the court erred the remedy was by appeal, and the finding being that plaintiff had no title to the same, is conclusive. (*Gray* v. *Dougherty,* 25 Cal. 272–3.)

This case is approved in *Jackson* v. *Lodge* (36 Cal. 38). It is again approved in *Barnum* v. *Reynolds* (38 Cal. 645).

*R. C. Clark*, for the Respondent.

The answer to the cases of *Putnam* v. *Van Buren* (7 How. Pr. Rep. 31), and *Kissim* v. *Hamilton* (20 How. Pr. Rep. 369), is, that in New York they have no statute, like ours, declaring that an action may be brought for the recovery of real property or the possession thereof when it *might* have been brought against the intestate.

It is claimed that the title acquired by Sutter, Jr., in May, 1850, passed to Ellis by virtue of the covenant in the previous deed to him. The estate conveyed by this deed was the right, title and interest of John A. Sutter, Jr., at the date of the deed, and none other, and the covenant is restrained by the estate conveyed. This seems to be the settled law in this State. (*Gee* v. *Moore*, 14 Cal. 474; *Mc-Near* v. *McComber*, 18 Iowa, 12.)

The covenant of warranty can have no application beyond the right and title of the grantor, whatever that might be. (*Kimball* v. *Semple*, 25 Cal. 452; *Morrison* v. *Wilson*, 30 Cal. 344; *Cadiz* v. *Majors*, 33 Cal. 288; Herman on Estoppels, 306.)

The issue in an action of ejectment is title at the time the action is commenced, and none other. The only issue in the Van Dorn case was one of title in him at the commencement of his action, and not the title of the plaintiff on which he brought this action long before the determination of the Van Dorn suit. (*Hestres* v. *Brennan*, 37 Cal. 386.)

As the only title which is put in issue by the averments of a complaint is the title of the plaintiff at the time the action is commenced, it must follow that the judgment can only be conclusive of *that* title, and none other. The judgment-roll in the Van Dorn action was not an estoppel. (*Yount* v. *Howell*, 14 Cal. 468; *Marshall* v. *Shafter*, 32 Cal. 194; *Hardy* v. *Johnson*, 1 Wall. 371; *Calderwood* v. *Brooks*, 28 Cal. 151; *Vance* v. *Olinger*, 27 Cal. 359.)

By the COURT:

Section 195 of the Probate Act authorized actions for the recovery of real property, or for the possession thereof,

to be maintained against executors or administrators in all cases in which the same might have been maintained against their respective testators or intestates. In this State, therefore, the cause of action which may be enforced by the action which is commonly called ·*ejectment*, survives. An action does not abate "if the cause of action survive or continue." (Pr. Act, Sec. 16; C. C. Proc., Sec. 385.)

Assuming that the rule at the time the conveyance was made by Burnett, as attorney in fact, was like the rule of the common law, the covenant did not enlarge the estate conveyed. That estate was the right, title and interest of John A. Sutter, Jr., at the date of the deed. (*Gee* v. *Moore*, 14 Cal. 474.)

The plaintiff was not estopped by the judgment in favor of defendants in the action of *Van Dorn* v. *Birge et al.* When the present plaintiff applied to be substituted for Van Dorn in that action, the court had power to direct that the action proceed in the name of Van Dorn, or that Barrett (present plaintiff) should be substituted. The latter order was made, but this in no way affected the issues to be tried —the substitution of Barrett only authorizing him to proceed with the prosecution of the title of Van Dorn. Deraignment of an independent title to Barrett would not have been permitted at the trial of the former action; in other words, as substituted plaintiff, Barrett was authorized to prove only the title which Van Dorn had at the commencement of that action.

Judgment and order affirmed.